IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NESTOR OBREGON-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-429 TS<br>Criminal Case No. 2:13-CR-532 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On July 25, 2013, Petitioner was charged in a Felony Information with manufacturing a controlled substance by cultivation. Petitioner proceeded to trial on March 10, 2014. Petitioner was found guilty. On a special verdict form, the jury concluded that Petitioner possessed more than 1,000 marijuana plants. This finding triggered a 120 month mandatory minimum sentence, which was imposed on June 3, 2014.

Petitioner appealed his conviction. On appeal, Petitioner argued that the government had violated a prior stipulation regarding the number of plants (the "Plant Stipulation") by introducing the testimony of Trooper Bairett. The Tenth Circuit rejected this argument and affirmed Petitioner's conviction. Petitioner timely filed the instant Motion on May 20, 2016.

II.  DISCUSSION

Petitioner raises four arguments in his Motion: (1) there was insufficient evidence to support the minimum mandatory sentence; (2) prosecutorial misconduct regarding testimony in contradiction to a stipulation; (3) prosecutors prejudiced his appeal by moving oral argument to Provo, Utah; and (4) ineffective assistance of counsel.

The government argues that Petitioner's first two claims are procedurally barred because they were raised on direct appeal.  Under § 2255, Petitioner may not raise issues that have been previously considered and disposed of on direct appeal.[1]  "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."[2]

As set forth above, Petitioner's appeal concerned the admission of testimony of Trooper Bairett in alleged contravention of the Plant Stipulation.  In the Plant Stipulation, the parties agreed as to how the officers had counted the plants at the grow site where Petitioner was apprehended.  The parties further agreed that the officers "recognized a small percentage of the plants as visually-identifiable marijuana plants.  Most of the plants, however, were too immature to readily identify as marijuana plants by visual inspection.  All the immature plants, however, were consistent with each other in appearance."[3]

At trial, Trooper Bairett testified that he had gone back through the pictures and believed that 40% to 50% of the plants seized were identifiable as marijuana.  Trooper Bairett was confident that there were at least 1,000 marijuana plants at the grow site.

---

[1] *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[2] *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

[3] Docket No. 57 in Case No. 2:13-CR-532 TS.

Petitioner's first claim—insufficient evidence that he cultivated more than 1,000 marijuana plants—was not directly raised by Petitioner on appeal, but it is nonetheless resolved by the Tenth Circuit's decision. The Tenth Circuit specifically found that the "government offered strong evidence that Obregon-Perez was cultivating more than 1,000 marijuana plants."[4] The Tenth Circuit detailed that the officers found 2,825 plants at the grow site, that the plants looked consistent, and that scientific tests on some plants showed they were marijuana. "It is not a huge inferential leap to say that at least 1,000, just over a third, of those plants were marijuana. Additionally, common sense dictates that it is extremely unlikely that fewer than 1,000, about 35%, of those plants were marijuana."[5] Thus, the Court rejects Petitioner's contention that there was insufficient evidence that he had cultivated over 1,000 marijuana plants.

The Court agrees that Petitioner's second claim—prosecutorial misconduct—was directly raised on appeal. Petitioner specifically raised a claim of prosecutorial misconduct on appeal based on the prosecutor eliciting testimony in alleged contravention of the Plant Stipulation. That same argument makes up the substance of Petitioner's second claim. The Tenth Circuit addressed this claim and concluded that Petitioner "failed to show a colorable claim of prosecutorial misconduct."[6] As this claim was raised and disposed of on appeal, it is procedurally barred, absent an intervening change in the law. Petitioner has pointed to no such change.

Petitioner next argues that his appeal rights were negatively affected because the prosecutor requested the location of oral argument be moved from Denver, Colorado to Provo,

---

[4] *United States v. Obregon-Perez*, 635 F. App'x 532, 535 (10th Cir. 2015).
[5] *Id.*
[6] *Id.*

3

Utah.  Petitioner's argument rests on a false premise.  There is no evidence that the government requested oral argument be moved.  Indeed, the government did not request oral argument at all.  The decision of when and where the argument was held was made by the Tenth Circuit Court of Appeals, not the prosecution.  Moreover, there is nothing in the record to suggest that the location of oral argument altered Petitioner's appeal rights.  Petitioner's appeal was heard by a panel of impartial judges.  The location of the argument was irrelevant to their decision.

Petitioner finally argues that his counsel was ineffective because he was convicted based on little evidence and because counsel was not able to assist Petitioner in getting a lesser sentence.  The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel.  "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[7]  A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[8]  In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[9]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[10]

---

[7] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[8] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[9] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[10] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

Even if Petitioner could show that counsel's performance was deficient, Petitioner has failed to demonstrate prejudice. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11] Petitioner argues that he was convicted based on little evidence, but the record demonstrates that there was ample evidence to support Petitioner's conviction. Further, as set forth above, there was compelling evidence to support the conclusion that Petitioner possessed more than 1,000 marijuana plants.

To the extent that Petitioner's claim is based on counsel's failure to object to the testimony of Trooper Barrett, it fails. Even without that testimony, there is "no reasonable probability that the result would have changed. The government offered strong evidence that Obregon-Perez was cultivating more than 1,000 marijuana plants."[12] Based upon this, Petitioner's ineffective assistance of counsel claim must fail.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-429 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

---

[11] *Strickland*, 466 U.S. at 694.

[12] *Obregon-Perez*, 635 F. App'x at 535.

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-429 TS forthwith.

DATED this 7th day of September, 2016.

BY THE COURT:

Ted Stewart
United States District Judge